UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY ARTHUR BERRY,

         Plaintiff,                     Case No. 16-cv-10598

v.                                               Honorable Thomas L. Ludington

JON A. VAN ALLSBURG,

         Defendant.

_____/

**ORDER DISMISSING PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)(B) AND ENJOINING FUTURE FILINGS ABSENT LEAVE OF COURT**

On February 18, 2016 Plaintiff Timothy Arthur Berry filed his most recent complaint against Judge Jon A. Van Allsburg. ECF No. 1. As with his previous actions, Berry's claims relate to an ongoing custody dispute over his son. *Id*. Berry now claims that after his son resisted going back to his mother on number of occasions, Berry served Habeas Corpus on Judge Van Allsburg, Ottawa County Sheriff Gary A. Rosema, Prosecuting Attorney Dolores Trese, and Michigan State Attorney General Bill Schuette on February 2, 2016. *Id*. He alleges that all those served, including Judge Van Allsburg committed a "Violation of Jurisdiction" on February 9, 2016 when he "defaulted on the Habeas Corpus." *Id*.

Berry further alleges that Judge Van Allsburg conspired with Ms. Trese to write and serve an unconstitutional ex parte order to pick up Berry's son and suspend Berry's parenting time. *Id*. He contends that through these actions Judge Van Allsburg violated his rights of due process, freedom of speech, and freedom of religion, and broke his oath to support the constitution. *Id.* He concludes that Judge Van Allsburg committed an act of treason, which is a war crime. *Id*. As compensation Berry seeks (1) $250,000 per day for each of his five children

he is prevented from seeing, (2) to have an American soldier compensated in the amount of $850,000 to be paid to Disabled American Veterans Charity, (3) pain and hardship damages in the amount of $10,000 per day, beginning on January 21, 2016, and (4) costs, fees, fines, transportation, time, and preparation incurred as a result of his litigation. *Id*. Having reviewed the allegations of Plaintiff's now-filed Complaint, the Court finds that this suit must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## I.

As with his previous action, Berry seeks to proceed *in forma pauperis* in his action against Judge Van Allsburg. Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In determining IFP eligibility, "courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Doebler v. Commissioner of Soc. Sec.*, 2012 WL 2891246, at *1 (E.D. Mich. May 3, 2012) report and recommendation adopted, No. 12-11795, 2012 WL 2899331 (E.D. Mich. July 16, 2012). A district court has discretion to grant or deny an IFP petition. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363 (4th Cir. 1980). Because Berry has demonstrated that he is unable to pay the requisite filing fees, his application to proceed *in forma pauperis* will be granted.

## II.

Because Berry is proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e)(2)(B) this Court must review Berry's complaint and *sua sponte* dismiss it "if the court determined that… the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim upon which

relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*.

As Berry has been informed numerous times in his past filings, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 13 Wall. 335, 347, (1872). Accordingly, a judge is generally immune from suit itself, not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 112 (1991). This immunity extends to officials performing discretionary acts of a judicial nature, including magistrate judges. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). The absolute immunity of a judge applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). Judicial immunity is lost only in two circumstances: (1) when the judge acts in a non-judicial capacity; and (2) when the judge acts in complete absence of all jurisdiction. *See Mann v. Conlin,* 22 F.3d 100, 103 (6th Cir. 1994).

Berry appears to allege that Judge Van Allsburg acted outside of his jurisdiction after he "defaulted on the Habeas Corpus" that Berry allegedly served on him on February 2, 2016. ECF No. 1. It is unclear what this means. The mere act of filing a petition for habeas corpus naming Judge Van Allsburg as a Respondent would not divest Judge Van Allsburg of jurisdiction. Furthermore, "[a] default judgment is unavailable in a habeas corpus proceeding on the ground that state officials fail to file a timely response to the petition." *Mahaday v. Cason*, 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002). This is in recognition of the fact that, without a response, the

judge is missing half of the story and cannot properly adjudicate the Petitioner's claims. *Id*. Berry's claim that Judge Van Allsburg acted outside of his jurisdiction is therefore without merit.

If Berry disagrees with Judge Van Allsburg's rulings in his ongoing custody dispute, Berry has the remedy of challenging those rulings through direct appeals to the Michigan Court of Appeals. In the absence of a valid claim that Judge Van Allsburg acted in a non-judicial capacity or acted in complete absence of all jurisdiction, Berry may not proceed in a civil suit against Judge Van Allsburg in federal court.

**III.**

This is the eleventh IFP action that Berry has initiated in the Eastern District of Michigan in the past 90 days containing allegations that, in making custody decisions adverse to Berry, Judge Van Allsburg conspired with others to deprive Berry of his constitutional rights and commit war crimes. *See Berry v. Van Allsburg*, 15-cv-14380 (E.D. Mich. Dec. 17, 2015) (Ludington, J.); *Berry v. Van Allsburg*, 15-cv-10005 (E.D. Mich. Jan 4, 2016) (Ludington, J.); *Berry v. Morris*, 16-cv-10170 (E.D. Mich. Jan 19, 2016) (Ludington, J.); *Berry v. Morris*, 16-cv-10172 (E.D. Mich. Jan 19, 2016) (Ludington, J.); *Berry v. Trese*, 16-cv-10174 (E.D. Mich. Jan 19, 2016) (Ludington, J.); *Berry v. Trese*, 16-cv-10175 (E.D. Mich. Jan 19, 2016) (Ludington, J.); *Berry v. Armstrong*, 16-cv-10176 (E.D. Mich. Jan 19, 2016) (Ludington, J.); *Berry v. Ottawa County Jail*, 16-cv-10177 (E.D. Mich. Jan 19, 2016) (Ludington, J.); *Berry v. Smith*, 16-cv-10293 (E.D. Mich. Jan 28, 2016) (Ludington, J.); *Berry v. Ludington*, 16-cv-10395 (E.D. Mich. Feb. 4, 2016) (Lawson, J.); *Berry v. Trese*, 16-cv-10597 (E.D. Mich. Feb. 18, 2016) (Ludington, J.). While two of those actions remain pending, the rest have been dismissed pursuant to 28 U.S.C. § 1915.

Because Berry's repetitive filing of frivolous lawsuits has misused the Court's time and resources, he will be barred from filing further *IFP* lawsuits. Berry will therefore be enjoined from filing any future complaints *in forma pauperis* in this district relating to his custody dispute, and Judge Van Allsburg's rulings thereon, without obtaining prior authorization from this Court. Plaintiff is specifically cautioned that any attempt to file without first securing the required leave of the Court, or any request for leave that is frivolous or appears to have been submitted for an improper purpose, may result in the imposition of sanctions or the initiation of contempt proceedings.

### IV.

It is further **ORDERED** that Plaintiff Timothy Berry's Complaint, ECF No. 1, is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e) as frivolous.

It is further **ORDERED** that Plaintiff Timothy Berry is **ENJOINED** from filing any future complaints *in forma pauperis* in this district arising out of, or related to, Berry's custody dispute, and Judge Van Allsburg's rulings thereon, unless Plaintiff receives prior authorization from this court.

It is further **ORDERED** that any complaint that Plaintiff Timothy Berry seeks to file must be submitted to the Clerk of Court, along with an application for permission to file the pleading demonstrating (1) that Plaintiff's allegations are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law and that the factual allegations have, or are likely to have, evidentiary support, and (2) that Plaintiff has not filed the pleading for any improper purpose, including the harassment of any party, the causing of unnecessary delay in this or any other action, or the needless increase in the cost of litigation.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 16, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager